```
         IN THE UNITED STATES DISTRICT COURT FOR
        THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                *
AMERICAN TRADE OVERSEAS,
INC.,
                                *
     Plaintiff,
v.                              *    CIVIL NO.: WDQ-04-3300

WATKINS MOTOR LINES, INC.,      *

     Defendant.                 *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION AND ORDER

In this diversity suit, American Trade Overseas, Inc. ("American") has sued Watkins Motor Lines, Inc. ("Watkins") for breach of contract and intentional infliction of emotional distress.  Pending is Watkins' motion for summary judgment.  For the reasons discussed below, the motion will be granted.

BACKGROUND

In January 2001, Business Dynamics, Limited ("Business Dynamics"), a Nigerian corporation, contacted American, a Maryland corporation located in Hyattsville, Maryland, and ordered a tape degausser machine.[1]  Pl.'s Ex. 2 (letter from Charles Asugha, Esquire to Managing Director/Chief Executive of American of Apr. 18, 2001).  In February 2001, American

---

[1] A tape degausser machine recycles magnetic tapes. Onwudiwe Dep. at 57.

1

learned that a tape degausser was available for sale in an auction of surplus merchandise from the United States Department of Defense.  Onwudiwe Dep. at 10.  Gill Onwudiwe, American's founder and CEO, went to the warehouse where the tape degausser was stored, removed it from its packaging, and visually inspected it.  *Id.* at 12-13.  Satisfied with the condition of the machine, Onwudiwe bid $255 to purchase it, intending to resell it to Business Dynamics.  *Id.* at 16.

On February 12, 2001, American tendered the winning bid for the tape degausser and contacted Watkins, a shipping company, to arrange for its transport to American's warehouse.  *Id.* at 22.  It is unclear from the record how or when Watkins took possession of the machine, but a few days later, a Watkins delivery driver attempted to deliver it to American's warehouse.  *Id.* at 27-28.  When the driver began to unload the tape degausser from his truck, Onwudiwe noticed that part of it had been smashed.  *Id.* at 28-29.  Onwudiwe refused to accept the damaged machine and the driver reloaded it onto the truck.  *Id.* at 28.

## STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when there is no genuine issue as to any material fact, and the moving party is entitled to

summary judgment as a matter of law. In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986), the Supreme Court explained that, in considering a motion for summary judgment, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Thus, "the judge must ask . . . whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id.* at 252.

In undertaking this inquiry, a court must view the facts and the reasonable inferences drawn therefrom "in the light most favorable to the party opposing the motion," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), but the opponent must produce evidence upon which a reasonable fact finder could rely. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The mere existence of a "scintilla" of evidence in support of the nonmoving party's case is not sufficient to preclude an order granting summary judgment. *Anderson*, 477 U.S. at 252.

ANALYSIS

A.   Breach of Contract

3

American alleges that Watkins breached its delivery contract by damaging the tape degausser while it was in transit. To establish a prima facie case of breach of delivery contract, the plaintiff must show that the condition of the cargo changed while in the defendant's possession. *J. Aron & Co., Inc. v. Service Transportation Co.*, 486 F. Supp. 1070, 1073 (D. Md. 1980) (*citing Tran-System Service, Inc. v. Keener*, 249 Md. 369 (1968); *Fox Chevrolet Sales, Inc. v. Middleton*, 203 Md. 158 (1958); *Security Storage & Trust Co. v. Denys*, 119 Md. 330 (1913)). Although it is undisputed that the machine was damaged at the time of delivery, the record in devoid of evidence that it was intact when Watkins received it. As American has failed to show that the condition of its cargo changed while in Watkins' custody, its breach of delivery contract claim cannot survive summary judgment.[2]

B.   Intentional Infliction of Emotional Distress

American seeks $300,000, plus interest for emotional distress it claims resulted from Watkins' failure to deliver the tape degausser intact. "Because corporations, unlike

---

[2] Watkins also filed a motion to strike portions of an affidavit submitted by American in support of its Response Memorandum. As the Court found it unnecessary to rely on the affidavit in granting the motion for summary judgment, Watkins' motion to strike will be denied as moot.

4

natural persons, have no emotions, they cannot press claims for intentional infliction of emotional distress." *Dynamic Image Techs., Inc. v. United States*, 221 F.3d 34, 37 n. 2 (1st Cir. 2000) (*citing FDIC v. Husley*, 22 F.3d 1472, 1489 (10th Cir. 1004)).

## CONCLUSION

For the reasons discussed above, Watkins' motion for summary judgment will be granted.


 June 21, 2005                              /s/
Date                          William D. Quarles, Jr.
                              United States District Judge